**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| **JESSE LEE SIMS,** | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION NO. 1:23-00385-N** |
| | ) | |
| **KILOLO KIJAKAZI,** *Acting* | ) | |
| *Commissioner of Social Security*, | ) | |
| **Defendant.** | ) | |

**ORDER**

The Plaintiff, **JESSE LEE SIMS**, brought this action under 42 U.S.C. §

405(g) for judicial review of a final decision of the Defendant Commissioner of Social

Security ("the Commissioner") finding him no longer disabled as of December 7,

2020, and accordingly ending his entitlement to a period of disability and disability

insurance benefits (collectively, "DIB") under Title II of the Social Security Act, 42

U.S.C. § 401, *et seq.* On December 18, 2023, the Commissioner answered Sims's

complaint in accordance with Rule 4 of the Supplemental Rules for Social Security in

the Federal Rules of Civil Procedure (Doc. 11), then shortly thereafter filed a motion

(Doc. 12) requesting and consenting to reversal of her final decision, and to remand

of Sims's case to the Commissioner for further administrative proceedings under

sentence four of § 405(g) ("The [district ]court shall have power to enter, upon the

pleadings and transcript of the record, a judgment affirming, modifying, or reversing

the decision of the Commissioner of Social Security, with or without remanding the

cause for a rehearing."). Said motion represents that, "[u]pon remand, the Commissioner will: obtain, consider, and compare the medical evidence from the comparison point decision with the medical evidence currently in the file; offer the claimant the opportunity for a hearing; take any necessary action to complete the administrative record; and issue a new decision." (Doc. 12, PageID.520). The Commissioner also represents that Sims "does not oppose this Motion to Remand." (*Id.*).[1]

Upon due consideration, the Commissioner's unopposed motion to remand (Doc. 12) is **GRANTED**. Therefore, it is **ORDERED** that the Commissioner's final decision finding Sims no longer disabled as of December 7, 2020, and ending his entitlement to DIB is **REVERSED**, and that Sims's case is **REMANDED** under sentence four of § 405(g) for further proceedings.[2] On remand, the Commissioner shall, in addition to any other appropriate action, obtain, consider, and compare the medical evidence from the comparison point decision with the medical evidence currently in the file; offer Sims the opportunity for a hearing; take any necessary

---

[1] Sentence six of § 405(g) provides that "[t]he court may, on motion of the Commissioner of Social Security made for good cause shown before the Commissioner files the Commissioner's answer, remand the case to the Commissioner of Social Security for further action by the Commissioner of Social Security…" However, the Commissioner filed her answer (Doc. 11) prior to requesting remand. Moreover, the present motion does not purport to show "good cause" for a sentence-six remand, and instead explicitly requests remand only under sentence four of § 405(g).

[2] *See Cruz v. Comm'r, Soc. Sec. Admin.*, No. 22-12218-HH, 2022 WL 18144020, at *1 (11th Cir. Nov. 22, 2022) (unpublished) (similarly granting the Commissioner's motion for a sentence-four remand); *Eliodor v. Comm'r of Soc. Sec.*, No. 23-11661, 2023 WL 7483437, at *1 (11th Cir. Oct. 18, 2023) (per curiam) (unpublished) (same).

action to complete the administrative record; and issue a new decision.

Securing a "sentence-four" remand makes Sims a prevailing party for purposes of the Equal Access to Justice Act, 28 U.S.C. § 2412, *see Shalala v. Schaefer*, 509 U.S. 292, 113 S. Ct. 2625, 125 L. Ed. 2d 239 (1993), and terminates this Court's jurisdiction over this case. Should Sims be found entitled to Social Security benefits in this case following this remand, under Federal Rule of Civil Procedure 54(d)(2)(B), the Court hereby grants Sims's counsel an extension of time in which to file a motion for fees under 42 U.S.C. § 406(b) until 30 days after the date of counsel's receipt of a notice of award of benefits from the Social Security Administration.[3] Consistent with 20 C.F.R. § 422.210(c), "the date of receipt of notice … shall be presumed to be 5 days after the date of such notice, unless there is a reasonable showing to the contrary." If multiple award notices are issued, the time for filing a § 406(b) fee motion shall run from the date of receipt of the latest-dated notice.

Final judgment in accordance with this order shall be set out by separate

---

[3] *See Bergen v. Comm'r of Soc. Sec.*, 454 F.3d 1273, 1277 (11th Cir. 2006) (per curiam) ("Fed. R. Civ. P. 54(d)(2) applies to a § 406(b) attorney's fee claim."); *Blitch v. Astrue*, 261 F. App'x 241, 242 n.1 (11th Cir. 2008) (per curiam) (unpublished) ("In *Bergen v. Comm'r of Soc. Sec.,* 454 F.3d 1273 (11th Cir. 2006), we suggested the best practice for avoiding confusion about the integration of Fed. R. Civ. P. 54(d)(2)(B) into the procedural framework of a fee award under 42 U.S.C. § 406 is for a plaintiff to request and the district court to include in the remand judgment a statement that attorneys fees may be applied for within a specified time after the determination of the plaintiff's past due benefits by the Commission. 454 F.3d at 1278 n.2.").

document in accordance with Federal Rule of Civil Procedure 58.[4]

**DONE** and **ORDERED** this the **19th** day of **December 2023**.

/s/ *Katherine P. Nelson*
**KATHERINE P. NELSON**
**UNITED STATES MAGISTRATE JUDGE**

---

[4] With the consent of the parties, the Court has designated the undersigned Magistrate Judge to conduct all proceedings and order the entry of judgment in this civil action, in accordance with 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73, and S.D. Ala. GenLR 73. (*See* Docs. 7, 8).